Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff
Alisha Fulton

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Alisha Fulton**, an Arizona resident, | **Case No.** |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **Johnny's Greek, Inc.**, an Arizona corporation; and **Johnathan Yasso,** an Arizona resident; | |
| Defendants. | **(Jury Trail Requested)** |

Plaintiff Alisha Fulton, for her Verified Complaint against Defendants Johnny's Greek, Inc. and Johnathan Yasso, hereby allege as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful receiving of Plaintiff's tips in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"), specifically 29 U.S.C. § 203(m)(2)(B) (hereinafter "**FLSA Tip Violation**").

2. This action is brought to recover unpaid tipped wage compensation,

liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiff was employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

7. Plaintiff was a full-time employee of Defendants between on or around March 13, 2019 and on or around February 22, 2020.

8. At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

9. Johnny's Greek, Inc. is a corporation authorized to do business in Arizona.

10. Johnny's Greek, Inc. is Plaintiff's employer as defined by 29 U.S.C. § 203(d).

11. Defendant Johnathan Yasso is an Arizona resident.

12. Defendant Johnathan Yasso has directly caused events to take place giving rise to this action.

13. Defendant Johnathan Yasso is a manager of Johnny's Greek, Inc.

14. Defendant Johnathan Yasso is an owner of Johnny's Greek, Inc.

15. Defendant Johnathan Yasso is an employer of Johnny's Greek, Inc.

16. Defendant Johnathan Yasso has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

17. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Johnathan Yasso is an employer.

18. Defendant Johnathan Yasso has the authority to hire and fire employees.

19. Defendant Johnathan Yasso had the authority to hire and fire Plaintiff.

20. On March 13, 2019, Defendant Johnathan Yasso hired Plaintiff.

21. Defendant Johnathan Yasso supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

22. Defendant Johnathan Yasso determined the rate and method of Plaintiff's payment of wages.

23. Defendant Johnathan Yasso maintained employment records in connection with Plaintiff's employment.

24. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Johnathan Yasso is subject to individual and personal liability under the FLSA.

25. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

26. Defendants, and each of them, are sued in both their individual and corporate capacities.

27. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

28. Plaintiff has a reasonable good faith belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2019.

29. Plaintiff has a reasonable good faith belief that in her work for Defendants, she was employed by an enterprise engaged in commerce that will have annual gross sales of at least $500,000 in 2020.

30. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

31. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

32. At all relevant times, Plaintiff, in her work for Defendants, regularly used instrumentalities of interstate commerce.

33. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

34. Plaintiff is a covered employee under individual coverage.

35. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

36. Defendants are a Greek restaurant and burger bar.

37. On or around March 13, 2019, Plaintiff commenced employment with Defendants as a cashier and food runner.

38. Shortly after Plaintiff's hire, she became a server.

39. Plaintiff's primary job duties included cashing out customers, delivering food, and taking orders.

40. From March 2019 until October 2019, Plaintiff was paid at a rate of $11.00 an hour.

41. From November 1, 2019 until February 22, 2020, Plaintiff was paid at a rate of $12.50 an hour.

42. Plaintiff was not provided her proper tips that she had earned.

43. Plaintiff's managers and / or owners would pool the tips earned by the wait staff between themselves.

44. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

45. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

46. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FLSA TIP VIOLATION – 29 U.S.C. § 203(m)(2)(B))

47. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

48. On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised § 203(m).

49. The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers

or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

50. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

51. Plaintiff is an employee entitled to all of her tips.

52. Defendants' managers, supervisors, and / or owners kept portions of Plaintiff's tips.

53. In addition to the amount of unpaid tipped wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

54. Defendants' actions in failing to properly compensate Plaintiff, in violation of the FLSA, were willful.

55. Defendants have not made a good faith effort to comply with the FLSA.

56. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

**CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. willfully violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pooling;

B. For the Court to award an additional amount in liquidated damages pursuant

to 29 U.S.C. § 216(b);

    C.    For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

    D.    For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

    E.    For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

    F.    Any other remedies or judgments deemed just and equitable by this Court

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED March 5, 2020.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd. Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff Alisha Fulton

## **VERIFICATION**

Plaintiff Alisha Fulton declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

*[Signature]*

Alisha Fulton